1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WENDY SUSAN ARMSTRONG,                       No.  2:14-cv-1305-MCE-KJN

12                        Plaintiff,

13           v.                                     FINDINGS AND RECOMMENDATIONS

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                          Defendant.
16

17

18           Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under

20    Title II of the Social Security Act ("Act").[1]  In her motion for summary judgment, plaintiff

21    principally contends that the Commissioner erred by finding that plaintiff was not disabled at any

22    time from May 14, 2007, plaintiff's alleged disability onset date, through December 31, 2008,

23    plaintiff's date last insured.  (ECF No. 16.)  The Commissioner filed an opposition to plaintiff's

24    motion and a cross-motion for summary judgment.  (ECF No. 22.)  Thereafter, plaintiff filed a

25    reply brief.  (ECF No. 24.)

26    ////

27    _____

28    [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

                                                     1

For the reasons that follow, the court recommends that plaintiff's motion for summary judgment be GRANTED IN PART, the Commissioner's cross-motion for summary judgment be DENIED, and the action be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

I.      BACKGROUND

Plaintiff was born on November 22, 1960; has a GED; can speak, understand, read, and write in English; and previously worked primarily as a cement mason.  (Administrative Transcript ("AT") 37-39, 130.)  On August 11, 2011, plaintiff applied for DIB, alleging that she was unable to work as of August 1, 2008, due to frequent staph infections, plantar fasciitis, bilateral knee pain, back pain, neck pain, limited range of motion in the left shoulder, and depression.  (AT 11, 60-61, 113, 131.)  After the Commissioner denied plaintiff's application initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on October 11, 2012, and at which plaintiff (represented by a non-attorney representative) testified.  (AT 11, 33-52.)  At that hearing, plaintiff amended her alleged disability onset date to May 14, 2007.  (AT 11, 50.)

In a decision dated November 15, 2012, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, at any time from May 14, 2007, plaintiff's amended alleged disability onset date, through December 31, 2008, plaintiff's date last insured.  (AT 11-21.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 27, 2014.  (AT 2-4.)  Thereafter, plaintiff filed this action in federal district court on May 28, 2014, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, plaintiff raises the following issues:  (1) whether the ALJ erroneously rejected the opinion of one of plaintiff's treating physicians; (2) whether the ALJ improperly discounted the credibility of plaintiff and her husband; (3) whether the ALJ's residual functional capacity ("RFC") assessment was erroneous and unsupported by substantial evidence; and (4) whether the ALJ erred in not obtaining vocational expert testimony for purposes of making a determination at

1   step five of the sequential disability evaluation process.

2   III.   LEGAL STANDARD

3          The court reviews the Commissioner's decision to determine whether (1) it is based on

4   proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

5   as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

6   evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

7   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

8   mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

9   Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

10   responsible for determining credibility, resolving conflicts in medical testimony, and resolving

11   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The

12   court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

13   interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

14   IV.   DISCUSSION

15          A.   Summary of the ALJ's Findings

16          The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard

17   five-step analytical framework.[2]  As an initial matter, the ALJ found that plaintiff remained

18   ─────────────────
     [2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social
19   Security program.  42 U.S.C. §§ 401 et seq.   Supplemental Security Income is paid to disabled
     persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as
20   an "inability to engage in any substantial gainful activity" due to "a medically determinable
     physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel
21   five-step sequential evaluation governs eligibility for benefits under both programs.  See 20
     C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-
22   42 (1987).  The following summarizes the sequential evaluation:

23
         Step one: Is the claimant engaging in substantial gainful activity?  If so, the
24       claimant is found not disabled.  If not, proceed to step two.

25       Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step
26       three.  If not, then a finding of not disabled is appropriate.

27       Step three: Does the claimant's impairment or combination of impairments meet or
         equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the
28       claimant is automatically determined disabled.  If not, proceed to step four.

1  insured for purposes of DIB through December 31, 2008.  (AT 13.)  At the first step, the ALJ

2  concluded that plaintiff had not engaged in substantial gainful activity from May 14, 2007,

3  plaintiff's amended alleged disability onset date, through December 31, 2008, plaintiff's date last

4  insured.  (Id.)  At step two, the ALJ determined that plaintiff had the following severe

5  impairments through the date last insured:  abdominal hernia with chronic wound infections,

6  headaches, and plantar fasciitis.  (Id.)  However, at step three, the ALJ determined that plaintiff

7  did not have an impairment or combination of impairments that met or medically equaled an

8  impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 14-15.)

9        Before proceeding to step four, the ALJ found that, through the date last insured, plaintiff

10  had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  (AT

11  15.)  At step four, the ALJ determined that plaintiff was unable to perform any past relevant work

12  through the date last insured.  (AT 20.)  However, at step five, the ALJ held, in reliance on the

13  Grids, that, considering plaintiff's age, education, work experience, and RFC, there were jobs that

14  existed in significant numbers in the national economy that plaintiff could have performed

15  through the date last insured.  (Id.)

16        Therefore, the ALJ concluded that plaintiff had not been under a disability, as defined in

17  the Act, at any time from May 14, 2007, plaintiff's amended alleged disability onset date, through

18  December 31, 2008, plaintiff's date last insured.  (AT 21.)

19  ///

20  ///

21  _____

22       Step four:  Is the claimant capable of performing his past relevant work?  If so, the
23       claimant is not disabled.  If not, proceed to step five.

24       Step five:  Does the claimant have the residual functional capacity to perform any
25       other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

26  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

27       The claimant bears the burden of proof in the first four steps of the sequential evaluation
     process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
28       evaluation process proceeds to step five.  Id.

B.    Plaintiff's Substantive Challenges to the Commissioner's Determinations

(1)  Whether the ALJ erroneously rejected the opinion of one of plaintiff's treating physicians

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 830-31.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons.  Lester, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[3] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, but may constitute substantial evidence when it is

---

[3] The factors include:  (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; (6) specialization.  20 C.F.R. § 404.1527.

1  consistent with other independent evidence in the record.  Tonapetyan v. Halter, 242 F.3d 1144,

2  1149 (9th Cir. 2001).

3          In this case, one of plaintiff's treating physicians, Dr. James Gonzalez, in a July 21, 2011

4  treatment note stated that:

5              Comes back to the office.  When she was working, her job
               description was that of a concrete finisher, which obviously
6              involves heavy lifting on a regular basis, including bending and
               twisting.  Because of her history of abdominal surgery, [plaintiff]
7              has a large abdominal wall hernia.  She should be considered
               permanently disabled because she has no abdominal core ability to
8              move at this time due to the hernias and this will be a permanent
               and stationary condition.
9

10  (AT 746.)  The ALJ essentially rejected Dr. Gonzalez's opinion, reasoning that it was vague,

11  ambiguous, and conclusory; it failed to provide any specific functional limitations; and it was not

12  clear whether Dr. Gonzalez was familiar with the definition of disability under the Act.  (AT 19.)

13          To be sure, Dr. Gonzalez's July 21, 2011 note is vague, ambiguous, and conclusory.  It

14  fails to set forth any meaningful functional limitations to be potentially incorporated into the

15  RFC.  Furthermore, as the ALJ suggested, it is far from clear whether Dr. Gonzalez opined that

16  plaintiff was disabled as that term is understood in the social security context.  Indeed, Dr.

17  Gonzalez's discussion of plaintiff's previous work and the requirements of that work may at least

18  plausibly suggest that he used the term permanently disabled to mean that plaintiff was

19  permanently unable to perform her previous heavy work.  Nevertheless, although an ALJ may

20  generally reject a conclusory, minimally supported opinion by a treating physician, the court

21  concludes, for the reasons outlined below, that the ALJ should have further developed the record

22  under the circumstances of this case.

23          As an initial matter, although Dr. Gonzalez's July 21, 2011 note is conclusory, the record

24  contains copious treatment records by Dr. Gonzalez and other treating physicians, which

25  documented plaintiff's multiple surgeries, chronic wound infections, home health care by visiting

26  nurses, abdominal hernias, headaches, and plantar fasciitis during the relevant period.

27  Additionally, another physician, Dr. Tamas Vidovszky, who plaintiff consulted for a second

28  opinion on November 1, 2011, documented that plaintiff at that time had a large, moderately

1    symptomatic abdominal wall hernia.  (AT 848.)[4]  Therefore, the record shows that plaintiff

2    suffered from serious medical impairments, and the court cannot say that Dr. Gonzalez's opinion

3    is entirely unsupported by the record.

4           Additionally, the court finds it significant that the ALJ in this case did not obtain an

5    opinion from a consultative expert who personally examined plaintiff.  Instead, the ALJ relied on

6    the opinion of a non-examining state agency physician to conclude that plaintiff was capable of

7    performing the full range of light work.  (AT 19.)  Even though the opinion of a non-examining

8    medical expert can constitute substantial evidence when it is consistent with other independent

9    evidence in the record, the record evidence here is too ambiguous to permit such reliance on the

10   non-examining opinion.

11          Accordingly, the court concludes that the case should be remanded for further

12   development of the medical opinion evidence, as discussed below.

13          The court declines plaintiff's invitation to remand the case for an award of benefits.

14   Generally, if the court finds that the ALJ's decision was erroneous or not supported by substantial

15   evidence, the court must follow the "ordinary remand rule," meaning that "the proper course,

16   except in rare circumstances, is to remand to the agency for additional investigation or

17   explanation."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  A

18   remand for an award of benefits is inappropriate where the record has not been fully developed or

19   there is a need to resolve conflicts, ambiguities, or other outstanding issues.  Id. at 1101.

20          As noted above, Dr. Gonzalez's July 21, 2011 note is ambiguous and thus insufficient in

21   itself to establish plaintiff's disability without further development of the record.

22          Additionally, the record contains other conflicting evidence at least potentially casting

23   doubt on plaintiff's claims of extended disability.  For example, on July 1, 2008, two weeks after

24
_____

25   [4] Dr. Vidovszky also noted that plaintiff was disabled.  However, that notation appears in the
     historical section of the report, and it is unclear whether Dr. Vidovszky actually assessed plaintiff
26   as disabled or whether he was merely recording plaintiff's own report of disability.  Also, in the
     assessment portion of the report, Dr. Vidovszky states that it did not appear that plaintiff was
27   severely symptomatic, and he recommended abdominal wall binders to decrease her symptoms
     and increase her activities.  (AT 847-48.)  Because Dr. Vidovszky, like Dr. Gonzalez, assessed no
28   specific functional limitations, his opinion is likewise ambiguous.

1  plaintiff's last surgery, one of plaintiff's treating physicians observed that she was "doing well

2  without any problems or complications" and was discharged from his care.  (AT 611.)  The

3  record contains no further significant medical records prior to December 31, 2008, the date last

4  insured, until a later visit on February 18, 2009, when plaintiff was noted to have an encrusted

5  lesion on the navel, but with the remainder of the wound having healed well and no abdominal

6  tenderness.  (AT 224.)  On November 19, 2009, one of plaintiff's treating physicians indicated

7  that plaintiff was doing well, she had an abdominal hernia but no abdominal tenderness, and he

8  recommended that she ride her bike for exercise.  (AT 219-20.)

9        Finally, the court notes that the record contains numerous references to plaintiff's heavy

10  alcohol use (at times, at least 7 alcoholic drinks per day), including suggestions by treating

11  physicians that plaintiff's alcohol use and withdrawal significantly impacted her treatment and

12  recovery from surgery.  (See, e.g., AT 295, 406, 473, 484.)  Thus, even if the ALJ concludes on

13  remand that plaintiff was disabled at some point during the relevant period, the ALJ must also

14  determine whether plaintiff's alcohol use was a contributing factor material to disability.  See

15  Parra v. Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007).  Under Ninth Circuit precedent, "the

16  claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor

17  material to his disability."  Id. at 748.

18        Therefore, in light of the ambiguities and conflicts in the record, as well as the issue of

19  materiality of plaintiff's substance abuse, the court finds it appropriate to follow the ordinary

20  remand rule and remand for further proceedings.

21        More specifically, on remand, the ALJ shall obtain a consultative examination of plaintiff

22  by a physician who has full access to plaintiff's past medical records.  The consultative

23  examination shall be focused on ascertaining what plaintiff's functional limitations were between

24  May 14, 2007, plaintiff's alleged disability onset date, and December 31, 2008, plaintiff's date

25  last insured, but shall also consider whether plaintiff's impairments and functional capacity

26  improved or worsened thereafter through the present.[5]  Additionally, the consultative examiner

27

28  [5] Although the consultative examination will take place in the present, the consultative examiner
    shall use best efforts, utilizing the findings of the present physical examination, plaintiff's past

8

should be requested to provide an opinion regarding the impact and materiality of plaintiff's alcohol abuse.  The ALJ shall further provide plaintiff with a reasonable amount of time to (a) provide a supplemental opinion by Dr. Gonzalez, which sets forth his diagnoses, clinical findings, and any assessed functional limitations with greater specificity, and (b) offer supplemental evidence regarding the issue of plaintiff's alcohol abuse.  The ALJ is also free to develop the record in other ways, as necessary.

Importantly, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled from May 14, 2007 through the present; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period—provided that the ALJ's determination complies with applicable legal standards and is supported by substantial evidence in the record as a whole.

### (2) Other Issues

In light of the court's conclusion that the case should be remanded for further development of the medical opinion evidence, the court declines to address plaintiff's remaining issues.  On remand, the ALJ will have an opportunity to reconsider his findings concerning credibility and the RFC based on the developed record, if appropriate, and seek vocational expert testimony, if necessary.  The court expresses no opinion concerning those issues at this juncture.

### V.    CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for summary judgment (ECF No. 16) be GRANTED IN PART.

2.  The Commissioner's cross-motion for summary judgment (ECF No. 22) be DENIED.

3.  The action be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4.  Judgment be entered for plaintiff.

---

medical records, and the examiner's clinical expertise and judgment, to render an opinion regarding plaintiff's functional capacity during the relevant period.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  July 6, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE