UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY SUSAN ARMSTRONG,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No.  2:14-cv-01305-MCE-KJN<br><br><br>**ORDER** |

In this action, Plaintiff Wendy Susan Armstrong ("Plaintiff") sought judicial review of the decision of Defendant Commissioner of Social Security ("Defendant") denying her application for Disability Insurance benefits under Title II of the Social Security Act.  The Court granted partial summary judgment in favor of Plaintiff and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Pending before the Court is Plaintiff's Motion for Award of Attorney Fees, Costs, and Expenses pursuant to the Equal Access to Justice Act ("Motion") (ECF No. 31).  For the reasons that follow, Plaintiff's Motion is GRANTED.

Plaintiff's counsel spent 77.5 hours litigating the merits of this case and preparing the instant Motion and Reply.  Applying the 2014 adjusted Equal Access to Justice ("EAJA") hourly rate of $190.06 to that time, and including her costs, Plaintiff requests

$15,355.78 in EAJA fees.  Defendant argues that Plaintiff is not entitled to any fees under the EAJA because Defendant's position in this case was substantially justified.  Alternatively, Defendant argues that if the Court grants the Motion, Plaintiff's fee award should be reduced by 32.1 hours because the amount of time Plaintiff's counsel spent on Plaintiff's Motion for Summary Judgment was unreasonable.

As an initial matter, the Court rejects Defendant's justification defense and finds that an award of attorney's fees is proper under the EAJA because Defendant's litigation position was not substantially justified.  See 28 U.S.C. § 2412(d)(1)(A).  In granting partial summary judgment in favor of Plaintiff, the Court determined that there was not substantial evidence supporting Defendant's decision to reject the opinion of Plaintiff's treating physician in favor of a non-examining physician's opinion.  ECF No. 26 at 7; ECF No. 27.  Only in rare cases can an agency's position be substantially justified under the EAJA despite the fact that the decision was not based on substantial evidence.  Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2013) (citing Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005).  This is not such a case.  The Ninth Circuit has repeatedly held that Defendant lacks substantial justification where it adopts the decision of an ALJ who rejected a treating physician's opinion without substantial evidence in the record supporting that decision.  Id.; see also Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008).  It follows that Defendant's decision to do exactly that in this case was not substantially justified.  Accordingly, Plaintiff is entitled to attorney's fees under the EAJA.

The Court further finds that Plaintiff's requested fee award is fair and reasonable.  Defendant's argument that Plaintiff is not entitled to her requested fee award because the Court remanded the matter based on only one of five of Plaintiff's arguments lacks merit.  The Court found it unnecessary to reach all of Plaintiff's arguments in order to grant the relief she requested.  That does not mean, however, that Plaintiff's other four arguments were frivolous.  This Court is one of the busiest district courts in the country, and it frequently disposes of motions without examining every argument in a written order.  Defendant's argument for reducing Plaintiff's fee award would require the Court to

1 spend its already-strained resources evaluating arguments not necessary to the
2 disposition of the motion before it.  Furthermore, the adoption of such a short-sighted
3 rule as a means for reducing fees has already been foreclosed by the Supreme Court in
4 any event.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1988) (a court's "failure to
5 reach certain grounds is not a sufficient reason for reducing a fee.").

6       Defendant's argument that Plaintiff's counsel spent too much time on her reply
7 brief in support of her Motion for Summary Judgment also lacks merit.  A party opposing
8 a fee application on the grounds that the hours for which a prevailing party seeks
9 compensation are unreasonable must submit persuasive evidence that explains why a
10 fee request is unreasonable.  Moreno v. City of Sacramento, 534 F.3d 1106, 1116
11 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993).
12 Defendant's Opposition makes only the naked argument that Plaintiff's "25 page Reply
13 brief was excessive." ECF No. 32 at 8.  By failing to offer any evidence or reason why
14 that brief was excessive, Defendant has not met its burden of showing why Plaintiff's
15 requested fee award is unreasonable.

16       This was a fact-intensive case in which the administrative record contained more
17 than 1,000 pages, including more than 800 pages of medical records and testimony.
18 Furthermore, the hours claimed fall within the range that Courts have awarded Plaintiff's
19 counsel in similar cases.  E.g., Yesipovich v. Colvin, No. C 15-00112 WHA,
20 2015 WL 5675869 at *8 (N.D. Cal. 2015) (awarding over $17,000 in attorney's fees and
21 costs under the EAJA).  Accordingly, the Court finds that the fees requested by Plaintiff
22 are fair and reasonable, and Plaintiff's Motion is GRANTED in its entirety.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion (ECF No. 29) is GRANTED. Plaintiff is entitled to recover reasonable attorney's fees in the amount of $14,729.65 and costs totaling $626.13. Defendant shall pay these fees and costs directly to Plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act.

IT IS SO ORDERED.

Dated:  December 10, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT